**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STACEY WHITE, *et al.*,**

**Plaintiffs,** :

**v.**

**LUDWIG AND COMPANY, *et al.*,** :

**Defendants.**

**Case No. 2:25-cv-1425**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on the Motions for Default Judgment filed by Stacey White and Tauna Johnson. (ECF Nos. 15, 32.) Therein, they seek default judgment against Defendants and ask the Court to set a briefing schedule for their forthcoming motion for damages without requiring a hearing. (*Id.*)

"Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability[.]" *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6). However, "those allegations relating to the amount of damages suffered are ordinarily not [accepted as true], and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Brinager v. JAO Distribs., Inc.*, No. 1:14-cv-252, 2014 WL 3689147, at *1 (S.D. Ohio July 23, 2014) (Black, J.) (citation omitted).

Plaintiffs have obtained an entry of default against Defendants. (*See* ECF Nos. 14, 28.) But an entry of default does not automatically entitle a plaintiff to

obtain a default judgment. *Methe v. Amazon.com.dedc, LLC*, No. 1:17-cv-749, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019) (Black, J.) Although the Court accepts as true the well-pleaded factual allegations of a complaint for the purpose of determining liability on a motion for default judgment, the Court must still determine whether those facts state a claim upon which relief may be granted. *Zinganything, LLC*, 158 F. Supp. 3d. at 672 (citation omitted). A plaintiff "must at least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in support of default judgment." *McCartney v. Speedway Trans Express Inc.*, No. 3:24-CV-1651, 2025 WL 1370222, at *1 (N.D. Ohio May 12, 2025) (citation omitted). Here, Plaintiffs provide no argument as to the sufficiency of their factual allegations or the propriety of default judgment against Defendants. Nor do Plaintiffs provide any information regarding their claimed damages to allow the Court to determine whether a hearing on damages is necessary.

Accordingly, Plaintiffs' Motions (ECF Nos. 15, 32) are **DENIED without prejudice** as insufficiently supported. Plaintiffs are **ORDERED** to file a fulsomely supported motion for default judgment as to Defendants' liability and damages **within FOURTEEN (14) DAYS** of the date of this Order. Failure to do so may result in the dismissal of this action for failure to prosecute.

As a final matter, Plaintiffs' Motions rely entirely on the Ohio Rules of Civil Procedure and Ohio court decisions. In a recent case, this Court admonished Plaintiffs' counsel (the Spitz Law Firm) for improperly relying on Ohio law in a

motion for default judgment, warning that the Court expects counsel "to be familiar with, abide by, and properly invoke the *Federal* Rules of Civil Procedure going forward." *See White v. Select Employment Services, Inc.*, No. 2:26-cv-298 (Doc. 12) (S.D. Ohio Aug. 27, 2026) (Morrison, C.J.). Apparently, the Spitz Law Firm has not headed this warning. Indeed, the Motions in this action are nearly identical to the motion for default judgment filed by their firm in *White v. Select Employment Services, Inc*. *Compare* ECF Nos. 15, 32 *with White*, 2:26-cv-298 (Doc. 11). This Order serves as notice to Plaintiff's counsel that, moving forward, they must rely on the Federal Rules of Civil Procedure and applicable case law in motions for default judgment filed with this Court. The Court hereby **WARNS** Plaintiffs' counsel that any future motions for default judgment improperly invoking state law may be stricken for failure to comply with this Order and may subject counsel to sanctions.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**