**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STACEY WHITE, *et al.*,**

**Plaintiffs,** :

**v.**

**LUDWIG AND COMPANY, *et al.*,** :

**Defendants.**

**Case No. 2:25-cv-1425**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

In March 2026, Plaintiffs moved for default judgment against Ludwig and Company, Juliet Shaw, and Tiana Mabra. (ECF No. 10.) Because Plaintiffs had not obtained an entry of default against those Defendants, the Court denied their motion without prejudice. (ECF No. 11.)

Weeks later, when Plaintiffs still had not sought an entry of default, the Court ordered Plaintiffs to do so or show cause as to why their claims against Ludwig, Ms. Shaw, and Ms. Mabra should not be dismissed for failure to prosecute. (ECF No. 12.) And, observing that Plaintiffs had not served their Complaint upon the remaining Defendants (Holly McKee and Farrell Mabra), the Court ordered Plaintiffs to do so or show cause as to why their claims against Ms. McKee and Mr. Mabra should not be dismissed for failure to effect service. (*Id.*)

Skipping ahead, Plaintiffs eventually moved for default judgment against all Defendants – but only after the Court's second Show-Cause Order. (ECF Nos. 15, 30, 32.) However, Plaintiffs' motions suffered significant deficiencies. Among other

problems, they failed to provide any argument as to the sufficiency of their factual allegations or the propriety of default judgment, and their motions lacked any information regarding their claimed damages. (*See id.*) Thus, the Court denied the motions without prejudice as insufficiently supported and ordered Plaintiffs to file a "fulsomely supported motion for default judgment as to Defendants' liability and damages" or face dismissal for failure to prosecute. (O&O, ECF No. 33.)

Now, before the Court is Plaintiffs' Motion for Damages, Attorney's Fees, and Costs against Defendants. (Mot., ECF No. 36.) Once again, Plaintiffs' Motion is deficient. They appear to be under the mistaken impression that the Court entered default judgment against Defendants in its September 2026 Order denying Plaintiffs' second and third motions for default judgment. (*Id.*, PAGEID # 346.) Perhaps that is why Plaintiffs' present motion addresses only the damages they seek despite the Court's clear instruction to file a motion for default judgment and include in such motion legal arguments as to the sufficiency of the Complaint's factual allegations. No matter the reason, Plaintiffs failed to comply with the Court's September 2026 Order by, *inter alia*, not even seeking default judgment.

Consequently, Plaintiffs' Motion (ECF No. 36) is **DENIED**. The Court will not permit them to file another motion for default judgment. Providing Plaintiffs additional attempts to obtain default judgment has proven a Sisyphean task. In the short life of this case, the Court has issued two Show-Cause Orders and has denied three insufficient motions for default judgment. Now they bring a motion that shows a complete lack of understanding of the Rules of Civil Procedure and the

status of this case. The Court warned Plaintiffs that the failure "to file a fulsomely supported motion for default judgment ***as to Defendants' liability***" could "result in the dismissal of this action for failure to prosecute." (O&O, PAGEID # 340 (emphasis added).) With that warning unheeded, the Court finds that dismissing this case is appropriate.

Federal Rule of Civil Procedure 41(b) permits the Court to involuntarily dismiss an action for failure to prosecute or to comply with a court order. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts consider four factors in deciding whether to involuntarily dismiss an action under Rule 41(b): (1) whether the plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether the defendant was prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. When dismissal is without prejudice, these factors are "greatly relaxed" because the dismissed parties are "not irrevocably deprived of [their] day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

Notwithstanding the absence of prejudice to Defendants, these factors weigh in favor of dismissal. Plaintiffs' failure to comply with the Court's Order – despite notice that such failure could lead to dismissal – is inexcusable. What's more, Plaintiffs have shown no interest in prosecuting their case, evidenced by their repeated delays in seeking entries of default, filing motions, and serving all Defendants until ordered to do so by the Court. Although their counsel's neglectful

and inept conduct is to blame, no sanction short of dismissal adequately addresses the ongoing failures here. That said, the Court will dismiss the case without prejudice so as to not unduly punish Plaintiffs for their counsel's actions.

Accordingly, this action is hereby **DISMISSED without prejudice** for failure to prosecute and failure to comply with a Court Order. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**